IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CARRIE J. SCHOTT and<br>WILMER W. SCHOTT,<br><br>       Plaintiffs,<br><br>v.<br><br>UNITED STATES POSTAL<br>SERVICE and CITY OF DOVER,<br><br>       Defendants. | )<br>)<br>)<br>)  Civil Action No.:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiffs, Carrie J. Schott and Wilmer W. Schott, by and through undersigned counsel, allege as follows:

### JURISDICTION AND VENUE

1. As set forth herein, Plaintiffs' action against the United States Postal Service (hereinafter referred to as "U.S.P.S.") arises under the Federal Tort Claims Act, 28 U.S.C. § 1346(b).

2. This Court has supplemental jurisdiction over all other claims asserted herein in that they are related to those issues over which original jurisdiction is conferred, and are part of the same case or controversy, pursuant to 28 U.S.C. § 1367(a).

3. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b) in that, at all times relevant hereto, the Plaintiffs were residents of Kent County, Delaware, which is within this judicial District. Further, the events or omissions giving rise to the claims herein occurred in Kent County, Delaware, which is within this judicial District.

4. On February 10, 2006, Plaintiffs presented via Registered Mail, Return Receipt Requested their claim to Defendant U.S.P.S., pursuant to 28 U.S.C. § 2675 and 28 C.F.R.

Part 14. Said claim contained a demand for money damages, and such demand was a sum certain. The said claim was received by Defendant U.S.P.S. on February 23, 2006. On March 15, 2006, Defendant U.S.P.S. denied Plaintiffs' claim.

## PARTIES

5. Plaintiffs, Carrie J. Schott and Wilmer W. Schott, are husband and wife, and residents of Kent County, State of Delaware. Their address is 1039 Chestnut Grove Road, Dover, Delaware.

6. Defendant U.S.P.S., at all times relevant hereto, maintained a post office at 55 The Plaza, in Dover, Kent County, Delaware. On information and belief, U.S.P.S. leased from Defendant Dover and controlled the land and premises located at 55 The Plaza.

7. Defendant City of Dover (hereinafter referred to as "Dover") is a municipal corporation organized and existing under the laws of the State of Delaware, with capacity to sue and be sued, and located entirely within Kent County, Delaware. Upon information and belief, at all times relevant hereto, Dover owned and controlled the land and premises located at 55 The Plaza, Dover.

## FACTS

8. On August 14, 2004, Carrie J. Schott (hereinafter "Mrs. Schott") was walking towards the main entrance of the post office located at 55 The Plaza, Dover, Delaware.

9. Mrs. Schott was walking in an Easterly direction along the sidewalk directly in front of the post office building, which sidewalk is located entirely within the bounds of the premises located at 55 The Plaza, Dover, Delaware.

10. Because other persons were walking in a Westerly direction on the said walkway two abreast, Mrs. Schott stepped off the walkway onto the grass to permit the others to pass.

11. Mrs. Schott stepped on a root from a tree located entirely within the bounds of the premises located at 55 The Plaza, Dover, Delaware. Said root was permitted to protrude above the ground level, causing a clear walkway hazard. Mrs. Schott's foot slipped off the tree root, causing her to lose her balance and fall to the ground.

12. Upon falling to the ground, Mrs. Schott's left wrist landed upon the edge of the said concrete walkway. The force of the impact caused a compound fracture of Mrs. Schott's left wrist.

13. As a result of the fracture, the bones in Mrs. Schott's left wrist had to be internally fixed through insertion of metal pins. Mrs. Schott is left with permanent injuries, including but not limited to constant pain and disfigurement.

## COUNT 1. NEGLIGENCE

14. Defendants were negligent in the following respects:

   a.   Defendants negligently failed to reasonably inspect the said premises in an effort to keep it safe from foreseeable risks of harm to U.S.P.S. customers.

   b.   Defendants negligently failed to warn Plaintiff Mrs. Schott that there existed a trip and fall hazard or slip and fall hazard within that area where it was reasonably foreseeable that she would tread.

c.  Defendants failed to remove the tree root protruding above ground in an area where a reasonable person would have known or reasonably should have known that U.S.P.S. customers were likely to tread.

d.  Defendants permitted an unreasonably dangerous condition to exist upon the said premises.

e.  Defendants previously removed tree roots from the subject property location, but failed or neglected to remove all roots protruding above the ground to the level of at least three inches below ground level, as required by City of Dover Code, § 114-2(h)(7).

f.  Defendants acted in an unlawful manner by failing or neglecting to keep in a proper state of repair and/or by failing or neglecting to maintain free from hazardous conditions all sidewalks, walkways, stairs, driveways, parking spaces and similar areas, as required by the International Property Maintenance Code of 2003, § 302.3, adopted as the Property Maintenance Code of the City of Dover. City of Dover Code, § 22-221.

g.  Defendants negligently permitted roots to grow up in the said walkway, in violation of City of Dover Code, § 98-5.

h.  Defendants negligently permitted roots to grow up in the said walkway, in violation of City of Dover Code, § 98-6.

i.  Defendants built and maintained a sidewalk that was less than five feet wide, in violation of City of Dover Code, § 98-131.

<u>COUNT 2. NUISANCE PER SE</u>

15. Defendants are strictly liable because they permitted to exist and/or maintained a nuisance per se, in violation of the applicable public health and safety provisions recited in the foregoing paragraphs.

## DAMAGES

16. Plaintiff, Mrs. Schott, was forced to undergo surgery to correct her fractured wrist. She has incurred the following reasonable and necessary medical expenses as a direct and proximate result of the Defendant's negligence and maintenance of a public nuisance: $11,835.83, which consisted of the following charges:

    a. Ambulance to Kent General Hospital ...   $358.50
    b. Kent General Hospital ...                $6,801.25
    c. Dr. Michael Mattern ...                  $4,177.00
    d. Physical Therapy Services, Inc. ...      $499.08
    TOTAL                                       $11,835.83.

Mrs. Schott will continue to incur medical expenses and will continue to experience pain and suffering as a result of the said injury.

17. Wilmer W. Schott, being the husband of Mrs. Schott, as a direct and proximate result of the negligence of defendants and maintenance by defendants of a public nuisance has been damaged by the loss of his wife's services.

**WHEREFORE**, Plaintiffs pray for judgment in favor of plaintiffs and against defendants for general compensatory damages, special damages as recited herein, pre- and post-judgment interest, costs of this action, and such other relief as the Court may deem just and fair.

SCHWARTZ & SCHWARTZ

By: _____
BENJAMIN A. SCHWARTZ
Delaware Bar ID No. 4145
1140 South State Street
Dover, DE 19901
(302) 678-8700
mail@BenSchwartz.com
*Attorney for Plaintiffs*

Dated: August 13, 2006

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Schott, Carrie J. and
Schott, Wilmer W.

### DEFENDANTS
United States Postal Service and
City of Dover, Delaware

(b) County of Residence of First Listed Plaintiff: **Kent**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Benjamin A. Schwartz, Esq. (302) 678-8700
1140 S. State St., Dover, DE 19901

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / PERSONAL PROPERTY / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1346, 2675, and 1367(a)
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 250,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE: August 13, 2006
SIGNATURE OF ATTORNEY OF RECORD: [signature] Benjamin A. Schwartz

FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. **0 6 - 4 9 9 -**

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ___3___ COPIES OF AO FORM 85.

___8/14/06___
(Date forms issued)

_____
(Signature of Party or their Representative)

___BEN SCHWARTZ___
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action