IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CARRIE J. SCHOTT and<br>WILMER W. SCHOTT,<br><br>             Plaintiffs,<br><br>    v.<br><br>UNITED STATES POSTAL<br>SERVICE and CITY OF DOVER,<br><br>             Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No.: 06-499 (GMS) |

RESPONSE IN OPPOSITION TO DEFENDANT CITY OF DOVER'S
MOTION TO DISMISS IN LIEU OF AN ANSWER

NOW COME the Plaintiffs, by and through undersigned counsel, and they Respond in Opposition to City of Dover's Motion to Dismiss as follows:

Item-by-Item Responses to Assertions in Dover's Memorandum In Support of its Motion

I. The facts asserted in the first paragraph of Dover's Statement and Nature of Case are correct. The second paragraph contains facts that are not in the record and are not submitted upon affidavit of the moving party, and are thus denied for purposes of this motion. The third paragraph refers to facts alleged in the complaint and are admitted.

II. Denied.

   A. The standard proposed by Dover is that applicable to a 12(b)(6) motion. This is really a motion for summary judgment and so the correct standard is the Celotex standard.

   B. Denied.

III. Denied.

   A. Again, the correct standard is the Celotex standard.

   B. Denied.

 IV. Denied.

Discussion

   1. This case should not be dismissed under Rule 12(b)(6). The Complaint does not fail to state a claim upon which relief can be granted. In evaluating the Defendant's Motion, this Court is "required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant." Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir.1989); D.P. Enters., Inc. v. Bucks County Community College, 725 F.2d 943, 944 (3d Cir.1984). The Complaint states, in sum, that Plaintiff Carrie Schott was walking on the sidewalk in front of a post office in Dover and stepped off the side of the walkway, onto a tree root protruding above ground. She slipped and fell, breaking her arm. She requests compensation for medical bills, pain and suffering and other damages. Wilmer Schott is her husband, and seeks damages for loss of services. City of Dover owned the land on which this all happened. As a result, the Complaint adequately pleads two claims in tort against the City of Dover. The Rule 12(b)(6) Motion must be denied.

   2. In truth, though, Defendant has really filed a summary judgment motion. "If the Court considers matters outside the pleadings in a 12(b)(6) motion, the procedure will automatically be converted into a Rule 56 summary judgment procedure." Carton v. Choice Point, 450 F.Supp.2d 489, 495 (D.N.J. 2006), quoting Mortensen v. First Federal Savings and Loan Association, 549 F.2d 884, 891 (3d Cir.1977). Dover's Motion is accompanied by a Memorandum of Law referring to facts not in the record. For example, a lease agreement is attached as an exhibit to the Memorandum. It purports to

show that Dover leased the subject property to the United States Postal Service (hereinafter "U.S.P.S.") in 1962. City of Dover alleges in the fourth page, third paragraph, of its Memorandum that it "has not possessed the land since September 6, 1962." As a result, this is clearly a Motion for Summary Judgment under Rule 56.

    3. The standard of review applicable to Defendant's Summary Judgment Motion is:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

F.R.C.P. 56(b); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

    4. Dover claims that it cannot be held liable because it alleges (albeit without supporting affidavits or any facts in the record) that it had no possessory interest in the subject property. It cites Volkswagen of America Inc. v. Costello, 880 A.2d 230 (Del. 2005), for the proposition that "a lessor of land is not subject to liability to his lessee or others upon the land with the consent of the lessee or sublessee for physical harm caused by any dangerous condition which comes into existence after the lessee has taken possession". This raises the issue whether the Postal Service had exclusive possession and control over the premises at the time of the accident. Was the contract submitted by Dover ever signed by an agent of the U.S.P.S.? Did Dover undertake any responsibility for maintaining the premises after the contract was entered into by affirmative act? When did the danger, the exposed tree root, come into existence? Dover's motion should be dismissed. These questions should be answered during the discovery process. Then, after the close of discovery, Dover should re-file its motion.

    5. Dover claims it cannot be held liable because Mrs. Schott stepped on an open and obvious tree root. Dover relies on Centanni v. U.S.P.S., 2004 U.S. Dist. LEXIS 3050

3

(E.D.La.), and Brown v. United States of America, 861 F.Supp. 539 (W.D. La. 1994). These are cases arising under Louisiana law. In Louisiana, there apparently is no duty to warn of a danger unless it is "unreasonably dangerous".  In those cases, the Court held as a matter of law that the particular conditions, a broken chain cordoning off a section where the plaintiff was not supposed to walk, and a tree root sticking up four or five inches, were not "unreasonably dangerous." That may be good law in Louisiana, but Mrs. Schott fell in Delaware. This Court must apply Delaware law to this case. 28 U.S.C. § 1346(b)(1). Delaware law requires Dover to warn Ms. Schott of any danger of which it knew or should have known.  Howard v. Food Fair Stores, New Castle, Inc., 201 A.2d 638, 640 (Del. 1964). Conversely, Mrs. Schott had a duty to act reasonably under the circumstances. 10 Del.C. § 8132.  Did Dover take adequate action to warn Mrs. Schott? Did Dover know of the dangerous tree root? Should it have known? Should Mrs. Schott have stepped off the sidewalk? Should she have avoided the tree root? Did she act reasonably under the circumstances? These are issues of fact that would normally be determined by a jury.  Maher v. Voss, 98 A.2d 499 (Del. 1953). They are certainly not issues that can be decided with no discovery on a bare factual record by reference to what a court did in Louisiana when someone fell in front of a post office.

   6. Accordingly, the Defendant's summary judgment motion should be denied.

                            SCHWARTZ & SCHWARTZ

                            By: /s/ Benjamin A. Schwartz
                                BENJAMIN A. SCHWARTZ
                                Delaware Bar ID No. 4145
                                1140 South State Street
                                Dover, DE 19901
                                (302) 678-8700
                                mail@BenSchwartz.com
                                *Attorney for Plaintiffs*