## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CARRIE J. SCHOTT and  
WILMER W. SCHOTT,  

       Plaintiffs,  

    v.                                    Civil Action No. 06-499-GMS  

UNITED STATES OF AMERICA  
and CITY OF DOVER,  

       Defendants.  

### ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW the United States of America ("Defendant"), by its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Patricia C. Hannigan, Assistant United States Attorney for said District, and answers Plaintiffs' Complaint as follows:

### JURISDICTION AND VENUE

1.      Defendant admits only that Plaintiff has filed a claim under the Federal Tort Claims Act. Defendant denies any allegations not specifically admitted herein.

2.      Defendant makes no response to the allegations of jurisdiction contained in paragraph 2 of Plaintiffs' Complaint as no response is required.

3.      Defendant makes no response to the legal conclusions and allegation of venue contained in paragraph 3 of Plaintiffs' Complaint as no response is required.

4.      Defendant admits only that on or about February 24, 2006, it received an administrative claim from Plaintiffs in the form of an SF-95, Claim for Damage, Injury or Death. Defendant admits that by letter of March 15, 2006, it denied Plaintiffs' claim. Defendant denies any allegations not specifically admitted herein.

**PARTIES**

5. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 5 of Plaintiffs' Complaint and, therefore, denies them.

6. Defendant admits that it maintains a post office at 55 The Plaza in Dover, Delaware. Defendant further admits that at all times relevant to Plaintiffs' Complaint, Defendant maintained a post office at 55 The Plaza in Dover, Delaware. Defendant denies any allegations not specifically admitted herein.

7. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 7 of Plaintiffs' Complaint and, therefore, denies them.

**FACTS**

8. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 8 of Plaintiffs' Complaint and, therefore, denies them.

9. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 9 of Plaintiffs' Complaint and, therefore, denies them.

10. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 10 of Plaintiffs' Complaint and, therefore, denies them.

11. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 11 of Plaintiffs' Complaint as they relate to Plaintiff's alleged actions and, therefore, denies them. Defendant specifically denies that it allowed a clear walkway hazard. Defendant denies any allegations not specifically admitted herein.

12. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 12 of Plaintiffs' Complaint and, therefore, denies them.

13. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 13 of Plaintiffs' Complaint and, therefore, denies them.

## COUNT 1 - NEGLIGENCE

14. Defendant denies the allegations directed against it contained in paragraph 14 of Plaintiffs' Complaint, including subparagraphs (a) through (i).

## COUNT 1 - NEGLIGENCE

15. Defendant denies the allegations directed against it contained in paragraph 15 of Plaintiffs' Complaint.

## DAMAGES

16. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 13 of Plaintiffs' Complaint and, therefore, denies those allegations. Defendant denies that it maintained a public nuisance as alleged in paragraph 16 of Plaintiffs' Complaint.

17. Defendant is without sufficient information to admit or deny whether Plaintiff Carrie Schott suffered damages as a result of the allegations contained in Plaintiffs' Complaint and, therefore, denies those allegations. Defendant denies that it was negligent or that it maintained a public nuisance as alleged in paragraph 17 of Plaintiffs' Complaint.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendant United States requests that this Court dismiss Plaintiffs' Complaint, and grant it such further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint fails to state a claim upon which relief may be granted, and therefore, must be dismissed with prejudice.

2. Plaintiffs' damages and injuries, if any, were entirely caused by the negligent conduct of Plaintiff Carrie J. Schott, or in the alternative, Plaintiff Carrie J. Schott's own fault is comparatively greater than any fault on the part of Defendant and exceeds 51%, thus Plaintiff is barred under 10 Del. C. § 8132 from any recovery against Defendant.

3. Plaintiffs' recovery is limited to the damages recoverable under the Federal Tort Claims Act.

4. Pursuant to 28 U.S.C. § 2675(b), Plaintiffs are prohibited from claiming or recovering an amount, if any, against the Defendant in excess of that set forth in their claim presented to the United States Postal Service.

5. Pursuant to 28 U.S.C. § 2412(d)(1)(A), Plaintiffs cannot recover attorney's fees from Defendant United States.

6. Pursuant to 28 U.S.C. § 2674, Plaintiffs are proscribed from recovering any amount for pre-judgment interest against the Defendant United States.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendant United States respectfully moves this Court to dismiss Plaintiffs' Complaint, for its costs incurred herein, and for such further relief as is just and proper.

                                    Respectfully submitted,

                                    COLM F. CONNOLLY
                                  United States Attorney

By: /s/Patricia C. Hannigan
     Patricia C. Hannigan
     Assistant United States Attorney
     Delaware Bar I.D. No. 2145
     The Nemours Building
     1007 Orange Street, Suite 700
     P. O. Box 2046
     Wilmington, DE 19899-2046
     (302) 573-6277
     Patricia.Hannigan@usdoj.gov

Dated: February 13, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on **February 13, 2007**, I electronically filed an **ANSWER AND AFFIRMATIVE DEFENSES** with the Clerk of Court using CM/ECF. Notification of such filing will be electronically mailed to the following:

**Benjamin A. Schwartz, Esquire**
Schwartz & Schwartz
1140 South State Street
Dover, DE 19901
(302) 678-8700
mail@BenSchwartz.com

**Daniel A. Griffith**
Marshall, Dennehey, Warner, Coleman & Goggin
1220 N. Market St., Suite 500
P.O. Box 8888
Wilmington, DE 19899
(302) 552-4317
dgriffith@mdwcg.com


COLM F. CONNOLLY
United States Attorney

By: /s/Patricia C. Hannigan
    Patricia C. Hannigan
    Assistant United States Attorney
    Delaware Bar I.D. No. 2145
    The Nemours Building
    1007 Orange Street, Suite 700
    P. O. Box 2046
    Wilmington, DE 19899-2046
    (302) 573-6277
    Patricia.Hannigan@usdoj.gov