IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CARRIE J. SCHOTT and | ) | |
| WILMER W. SCHOTT, | ) | |
| | ) | Civil Action No.: 06-499 (GMS) |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES POSTAL | ) | |
| SERVICE and CITY OF DOVER, | ) | |
| | ) | |
| Defendants. | ) | |

JOINT STATUS REPORT

The parties respectfully submit this Joint Status Report for the Court's review. A teleconference in the above-captioned action is scheduled for Tuesday, April 24, 2007 at 2:30 p.m.

1.    **Jurisdiction and Service.** This Court has jurisdiction over United States Postal Service (U.S.P.S.) in this Federal Tort Claim Act law suit under 28 U.S.C. § 1346(b). The Court has supplemental jurisdiction over City of Dover pursuant to 28 U.S.C. § 1367(a). The U.S.P.S. has been properly served. City of Dover waived service. Accordingly, all parties are subject to this Court's jurisdiction and no parties remain to be served.

2.    **Substance of the Action**. This is a suit against U.S.P.S. for personal physical injuries allegedly sustained by Plaintiff Carrie Schott on August 14, 2004. At that time, she alleges she was walking towards the Post Office in Dover, Delaware. She stepped off the side of the side walk. She stepped on an exposed tree root. Her foot slipped, and she fell. When she fell, she alleges she hit her wrist on the edge of the sidewalk, breaking the bone in her wrist. The U.S.P.S. operated the post office. The sidewalk and tree root were

on the premises of the post office property. That property was owned by City of Dover and leased to the post office. Wilmer Schott's claim is for loss of consortium as a result of Carrie Schott's injury.

3.      **Identification of Issues**. The issues presented for the Court's determination are (A) whether the Defendants were negligent in permitting the alleged exposed tree root to exist where they knew or should have known postal customers would walk, (B) whether Plaintiff Carrie Schott negligently contributed to causing her alleged accident, and if so, what the respective percentages of fault were among the parties, (C) who operated or controlled the premises such that liability for the alleged exposed tree root attached (City of Dover claims that the premises were solely controlled by defendant U.S.P.S. and thus Dover bears no liability), (D) the damages to be awarded to Plaintiffs, if any; (E) the degree to which the Defendants are entitled to sovereign or governmental immunity.

4.      **Narrowing of Issues**. There presently is pending a Motion to Dismiss filed by City of Dover.

5.      **Relief**. Plaintiffs seek monetary damages for reimbursement for past and future medical bills, pain and suffering and compensation generally. The amount of the administrative claim was $250,000.

6.      **Amendment of the Pleadings**. Amendment of the Pleadings is not required at this time.

7.      **Joinder of Parties**. At this time, there is no need to add parties.

8.      **Discovery**. Discovery is needed. Plaintiff desires to take written discovery from the parties to determine whether City of Dover controlled any part of the premises at issue, and who at the U.S.P.S. was responsible for maintaining the grounds on the

premises. Plaintiff has retained an expert witness, David H. Fleisher, P.E. who is expected to provide opinion testimony as to the dangerous condition posed by the alleged exposed tree root and the foreseeable risk of injury. Plaintiff expects to introduce testimony from Plaintiff's treating physician concerning the nature and extent of Plaintiff's injury, including causation and permanency, and cost of treatment. Defendants desire to take discovery from Plaintiff concerning the facts of the incident, and from the two experts concerning their opinions, and the bases therefore.

9.      **Estimated Length of Trial**. Counsel expect the trial to last three days.

10.     **Jury Trial**. The parties request a bench trial.

11.     **Settlement**. There have been no settlement discussions. Counsel for Plaintiff contacted Magistrate Judge Thynge's chambers but was told the M.J. is not available to schedule any mediations now, and to call back in the fall to see if a mediation could be scheduled for early to mid-2008. The parties are interested in any input the Court may have concerning alternate dispute resolution.

12.     **Other matters**. There are no other matters to discuss with the Court at this time.

13.     Counsel for the parties have conferred about each of the above matters.


            SCHWARTZ & SCHWARTZ

    By: /s/ Benjamin A. Schwartz____
        BENJAMIN A. SCHWARTZ
        Delaware Bar ID No. 4145
        1140 South State Street
        Dover, DE 19901
        (302) 678-8700
        mail@BenSchwartz.com
        A*ttorney for Plaintiffs*

                                        COLM F. CONNOLLY
                                        United States Attorney

                                    By:  /s/ Patricia C. Hannigan_____
                                        PATRICIA C. HANNIGAN
                                        Assistant United States Attorney
                                        Delaware Bar I.D. No. 2145
                                        P.O. Box 2046
                                        Wilmington, DE 19899-2046
                                        (302) 573-6277
                                        Patricia.Hannigan@usdoj.gov

MARSHALL, DENNEHEY, WARNER
COLEMAN & GOGGIN

By:  /s/ Daniel A. Griffith
    DANIEL A. GRIFFITH
    Delaware Bar ID No. 4209
    JOHN A. MACCONI, JR.
    Delaware Bar ID No. 4430
    P.O. Box 130
    Wilmington, DE 19899-0130
    (302) 552-4317
    *Attorneys for Defendant City of Dover*