IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CARRIE J. SCHOTT and | ) | |
| WILMER W. SCHOTT, | ) | |
| | ) | Civil Action No.: 06-499 (GMS) |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES POSTAL | ) | |
| SERVICE and CITY OF DOVER, | ) | |
| | ) | |
| Defendants. | ) | |

## SCHEDULING ORDER

This _____ day of _____ 200\_\_, the Court having conducted a Rule

16 Scheduling Conference pursuant to Local Rule 16.2(b) on April 24, 2007;

IT IS ORDERED that:

1. **Rule 26(a) Initial Disclosures**: The parties shall make their initial disclosures

pursuant to Federal Rules of Civil Procedure 26(a) on or before May 8, 2007.

2. **Discovery**: All discovery in this case shall be initiated so that it will be

completed on or before October 31, 2007.

   a.  **Special Discovery**: Defendant City of Dover's Motion to Dismiss is

   deferred to permit the parties to participate in discovery to identify whether there

   are any facts that could reasonably indicate that City of Dover maintained or

   controlled the area of the premises where Plaintiff Carrie Schott allegedly fell.

   Such special discovery shall be initiated so that it will be completed on or before

   June 25, 2007.  On or before that date, counsel for Plaintiff shall inform the Court

   in writing whether City of Dover will be voluntarily dismissed from this suit. On

   or before that date, counsel for Defendant City of Dover shall inform the Court in

writing whether additional submissions shall be necessary for full consideration

by the Court of the pending Motion to Dismiss.

b. **Discovery and Scheduling Matters**: Should counsel find they are unable

to resolve a discovery or scheduling matter, the party seeking the relief shall

contact chambers at (302) 573-6470 to schedule a telephone conference. Not less

than forty-eight hours prior to the teleconference, the parties shall file with the

court, via electronic means (CM/ECF), a **joint**, **non-argumentative** letter agenda

not to exceed two (2) pages outlining the issue(s) in dispute. A sample letter can

be located on this court's website at www.ded.uscourts.gov. After the parties have

had three (3) discovery teleconferences, they will be required to file a joint letter

showing good cause why the court should permit a fourth discovery

teleconference. Should the court find further briefing necessary upon conclusion

of the telephone conference, unless otherwise directed, the party seeking relief

shall file with the court a **TWO PAGE LETTER**, exclusive of exhibits,

describing the issues in contention. The responding party shall file within five (5)

days from the date of service of the opening letter an answering letter of no more

than **TWO PAGES**. The party seeking relief may then file a reply letter of no

more than **TWO PAGES** within three (3) days from the date of service of the

answering letter.

3. **Confidential Information and Papers filed under Seal**: Should counsel find

it will be necessary to apply to the court for a protective order specifying terms and

conditions for the disclosure of confidential information, they should confer and attempt

to reach an agreement on a proposed form of order and submit it to the court within ten

(10) days from the date of this order. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers. **If, after making a diligent effort, the parties are unable to agree on the contents of the joint, proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 3(a).**

4. **Settlement Conference**: Pursuant to 28 U.S.C. §636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. If the parties agree that the possibility of settlement may be enhanced by such referral, the parties shall contact Magistrate Judge Thynge to schedule a settlement conference with counsel and clients.

5. **Applications by Motion**: Except as provided in this Scheduling Order or for matters relating to scheduling, any application to the Court shall be by written motion filed, via electronic means (CM/ECF). Unless otherwise requested by the Court, counsel shall **not** deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

6. **Pretrial Conference**. On January 23, 2008, beginning at 10:00 a.m., the Court will hold a Pretrial Conference in Chambers with counsel. Unless otherwise ordered by the Court, the parties should assume that filing the Joint Pretrial Order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3). A sample form of Pretrial Order can be located on this court's website at www.ded.uscourts.gov. Thirty (30) days before the Joint Proposed Pretrial Order is due, plaintiff's counsel shall forward to defendant's counsel a draft of the pretrial order containing the information plaintiff proposes to include in the draft. Defendant's counsel shall, in turn, provide to

plaintiff's counsel any comments on the plaintiff's draft as well as the information

defendant proposes to include in the proposed pretrial order. The parties shall file with

the court the **joint** proposed final pretrial order with the information required by the form

of Final Pretrial Order which can be located on this court's website at

www.ded.uscourts.gov on or before December 30, 2007.

   7. **Trial**. This matter is scheduled for two-day bench trial beginning at 9:00 a.m.

on February 13, 2008.

   8. **Scheduling**: The parties shall contact chambers, at (302) 573-6470, only in

situations where scheduling relief is sought and only then when ALL participating

counsel is on the line for purposes of selecting a new date.


_____
GREGORY M. SLEET,
UNITED STATES DISTRICT JUDGE