IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CARRIE J. SCHOTT and<br>WILMER W. SCHOTT,<br><br>     Plaintiffs,<br><br>  v.<br><br>UNITED STATES POSTAL<br>SERVICE and CITY OF DOVER,<br><br>     Defendants. | )<br>)<br>) Civil Action No.: 06-499 (GMS)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT CITY OF DOVER'S ANSWER TO PLAINTIFFS' COMPLAINT**

Comes now, Defendant, City of Dover, by and through its counsel, Marshall, Dennehey, Warner, Coleman & Goggin, and hereby responds to Plaintiffs' Complaint as follows:

 1. No response to this paragraph of Plaintiffs' Complaint is required of Defendant.

 2. This paragraph of Plaintiffs' Complaint states a legal conclusion to which no response is necessary by Defendant.

 3. This paragraph of Plaintiffs' Complaint states a legal conclusion to which no response is necessary by Defendant.

 4. Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph of Plaintiffs' Complaint.

5.      Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph of Plaintiffs' Complaint.

6.      Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph of Plaintiffs' Complaint.

7.      Admitted in part, denied in part. It is admitted that Defendant City of Dover is a municipal corporation organized and existing under the laws of the State of Delaware, with capacity to sue and be sued, and located entirely within Kent County, Delaware. It is further admitted that at all times relevant Dover owned the land and premises located at 55 The Plaza, Dover, Delaware. The remainder of the allegations contained in this paragraph of Plaintiffs' Complaint are denied.

8.      Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph of Plaintiffs' Complaint.

9.      Admitted in part, denied in part. It is admitted that the sidewalk directly in front of the post office building is located entirely within the bounds of the premises located at 55 The Plaza, Dover, Delaware. As pertains to the remainder of the allegations in this paragraph of Plaintiffs' Complaint, denied – Defendant has insufficient knowledge to either admit or deny those allegations and therefore must deny same, demanding strict proof thereof at the time of trial.

10.     Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph of Plaintiffs' Complaint.

11.     Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph of Plaintiffs' Complaint.

12.     Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph of Plaintiffs' Complaint.

13.     Admitted in part, denied in part. It is admitted that Ms. Schott has had metal pins inserted in her left wrist. As to the remainder of the allegations contained in this paragraph of Plaintiffs' Complaint, denied – Defendant has insufficient knowledge to admit or deny those allegations and therefore must deny same, demanding strict proof thereof at the time of trial.

14.     The entirety of this paragraph of Plaintiffs' Complaint, including subparts (a) – (i), is denied.

15.     Denied.

16.     Admitted in part, denied in part. It is admitted that Ms. Schott has undergone surgery to her left wrist since the date of the alleged fall in this case. It is specifically denied that Defendant was negligent in any respect, and that in any way Defendant's acts or omissions directly and/or proximately resulted in Plaintiffs' claimed injury/damages. As to the remainder of the allegations in this paragraph of Plaintiffs' Complaint, Defendant has insufficient knowledge to admit or deny those allegations and therefore must deny same, demanding strict proof thereof at the time of trial.

17.     Denied. It is specifically denied that Defendant was negligent in any respect, and that in any way Defendant's acts or omissions directly and/or proximately resulted in Plaintiffs' claimed injury/damages. As to the remainder of the allegations in this paragraph of Plaintiffs' Complaint, Defendant has insufficient knowledge to admit or deny those allegations and therefore must deny same, demanding strict proof thereof at the time of trial.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Answering Defendant was not in possession or control of the area at issue. The area at issue was in the possession and under the control of co-defendant.

### THIRD AFFIRMATIVE DEFENSE

Answering Defendant adopts all affirmative defenses available to and/or asserted by co-defendant.

### FOURTH AFFIRMATIVE DEFENSE

The injuries alleged pre-existed the incident alleged in Plaintiffs' Complaint or are otherwise not related to the alleged incident.

### FIFTH AFFIRMATIVE DEFENSE

Answering Defendant denies any liability whatsoever. If found liable however, Answering Defendant contends that the incident or any resulting injuries were proximately caused by the negligence of Plaintiff Carrie Schott in that she:

  a. failed to maintain a proper lookout;

  b. failed to exercise reasonable care for her own safety;

  c. failed to act as a reasonably prudent person under the circumstances then existing; and

  d. was otherwise negligent.

WHEREFORE, Defendant seeks dismissal with prejudice with costs assessed against Plaintiffs.

**MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN**

*/s/ Daniel A. Griffith*
Daniel A. Griffith, Esquire
DE. ID No. 4209
John A. Macconi, Jr., Esquire
DE ID No.  4430
1220 North Market St., 5th Floor
P.O. Box 130
Wilmington, DE  19899-0130
*Counsel for Defendant City of Dover*

Date:  December 17, 2007

15/564779.v1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **CARRIE J. SCHOTT and**<br>**WILMER W. SCHOTT,**<br><br>    **Plaintiffs,**<br><br>    v.<br><br>**UNITED STATES POSTAL**<br>**SERVICE and CITY OF DOVER,**<br><br>    **Defendants.** | )<br>)<br>)<br>)<br>)   **Civil Action No.: 06-499-(GMS)**<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

I, John A. Macconi, Jr., Esquire, hereby certify that on this 17th day of December, 2007, caused a true and correct copy of *Defendant, City of Dover's Answer to Plaintiffs' Complaint* to be served via e-file:

| | |
|---|---|
| Benjamin A. Schwartz, Esquire<br>Schwartz & Schwartz<br>1140 South State Street<br>Dover, DE 19901<br>Attorney for Plaintiffs | Patricia C. Hannigan, Esquire<br>U.S. Attorney's Office<br>1007 Orange Street, Suite 700<br>P.O. Box 2046<br>Wilmington, DE 19899-2046<br>Attorney for United States Postal Service |

                                            **MARSHALL, DENNEHEY, WARNER,**
                                                **COLEMAN & GOGGIN**

                                        */s /John A. Macconi, Jr.  DE ID No. 4430*
                                        _____
                                        John A. Macconi, Jr., Esquire,  (Del. Bar ID No. 4430)
                                        1220 North Market St., 5th Floor
                                        P.O. Box 8888
                                        Wilmington, DE  19899
                                        302-552-4300
                                        jamacconi@mdwcg.com
                                        *Counsel for Defendant City of Dover*